UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KEVIN UNTER | * | CASE No.: 07-01194 |
| AND HEIDI UNTER | * | |
| | * | DIVISION: "R" |
| VERSUS | * | SECTION: "5" |
| | * | |
| | * | JUDGE: VANCE |
| ALLSTATE INSURANCE COMPANY | * | MAG. JUDGE: CHASEZ |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **ALLSTATE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, ALLSTATE INSURANCE COMPANY ("Allstate"), and responds to the Petition of Plaintiffs, Kevin and Heidi Unter ("Plaintiffs"), as follows:

**I.**

The Petition fails to state a claim upon which relief can be granted.

1

**II.**

**AND NOW,** Defendant, Allstate Insurance Company, without waiving any affirmative defenses, answers the individual paragraphs of the Petition as follows:

1.

Allstate denies the allegations of Paragraph 1 of the Petition, except to admit that it is a foreign corporation.

2.

Paragraph 2 of the Petition states conclusions of law and as such, Allstate states that no answer is required; if answer is required, the allegations are denied.

3.

Allstate denies the allegations of Paragraph 3 of the Petition for lack of sufficient knowledge or information to justify a belief therein, except to admit that Allstate issued a Renters Insurance Policy to Kevin and Heidi Unter bearing Policy Number 9 15 521391, with a term of September 9, 2004 through September 9, 2005, for the property located at 6707 Canal Blvd., in New Orleans, Louisiana 70124 (the "Policy"), which Policy is the best evidence of its contents and, to the extent that any allegation or claim herein is in conflict with any term, condition, provision, limitation, exclusion or endorsement of the Policy, such allegation and claim are denied.

(Unnumbered Paragraph) 4.

Allstate denies the allegations of Paragraph 4 of the Petition for lack of sufficient knowledge or information to justify a belief therein.   Allstate avers that the Policy is the best evidence of its contents and, to the extent that any allegation or claim herein is in conflict with any term, condition, provision, limitation, exclusion or endorsement of the Policy, such allegation and claim are denied.

5.

Allstate admits that the property sustained damage but denies the remaining allegations of Paragraph 5 of the Petition for lack of sufficient knowledge or information to justify a belief therein.

6.

Allstate admits that the property sustained damage but denies the remaining allegations of Paragraph 6 of the Petition for lack of sufficient knowledge or information to justify a belief therein. Allstate avers that the Policy is the best evidence of its contents and, to the extent that any allegation or claim herein is in conflict with any term, condition, provision, limitation, exclusion or endorsement of the Policy, such allegation and claim are denied.

7.

Allstate denies the allegations of Paragraph 7 of the Petition for lack of sufficient knowledge or information to justify a belief therein.

8.

Allstate admits that the property sustained damage but denies the remaining allegations of Paragraph 8 of the Petition for lack of sufficient knowledge or information to justify a belief therein.

9.

Paragraph 9 of the Petition states conclusions of law and as such, Allstate states that no answer is required; if answer is required, the allegations are denied.

10.

Paragraph 10 of the Petition states conclusions of law and as such, Allstate states that no answer is required; if answer is required, the allegations of Paragraph 10 of the Petition are denied for lack of sufficient knowledge or information to justify a belief therein, except to admit that the amount of controversy exceeds $75,000.00.

11.

Allstate denies the allegations of Paragraph 11 of the Petition. Allstate avers that the Policy is the best evidence of its contents and, to the extent that any allegation or claim herein is in conflict with any term, condition, provision, limitation, exclusion or endorsement of the Policy, such allegation and claim are denied.

12.

Paragraph 12 of the Petition states conclusions of law and as such, Allstate states that no answer is required; if answer is required, the allegations are denied. Allstate avers that the Policy is the best evidence of its contents and, to the extent that any allegation or claim herein is in conflict with any term, condition, provision, limitation, exclusion or endorsement of the Policy, such allegation and claim are denied.

13.

Paragraph 13 of the Petition states conclusions of law and as such, Allstate states that no answer is required; if answer is required, the allegations are denied. Allstate avers that the Policy is the best evidence of its contents and, to the extent that any allegation or claim herein is in conflict with any term, condition, provision, limitation, exclusion or endorsement of the Policy, such allegation and claim are denied.

14.

Allstate denies the allegations of Paragraph 14 of the Petition for lack of sufficient knowledge or information to justify a belief therein.

15.

Allstate denies the allegations of Paragraph 15 of the Petition. Allstate avers that the Policy is the best evidence of its contents and, to the extent that any allegation or claim herein is in conflict

with any term, condition, provision, limitation, exclusion or endorsement of the Policy, such allegation and claim are denied.

16.

Allstate denies the allegations of Paragraph 16 of the Petition. Allstate avers that the Policy is the best evidence of its contents and, to the extent that any allegation or claim herein is in conflict with any term, condition, provision, limitation, exclusion or endorsement of the Policy, such allegation and claim are denied.

17.

Paragraph 17 of the Petition states conclusions of law and as such, Allstate states that no answer is required; if answer is required, the allegations are denied.

18.

Allstate denies the allegations of Paragraph 18 of the Petition, except to admit that the proof of loss referred to therein would be the best evidence of its contents.

19.

Allstate denies the allegations of Paragraph 19 of the Petition, except to admit that the claim referred to therein would be the best evidence of its contents.

20.

Paragraph 20 of the Petition states conclusions of law and as such, Allstate states that no answer is required; if answer is required, the allegations are denied.

21.

Paragraph 21 of the Petition states conclusions of law and as such, Allstate states that no answer is required; if answer is required, the allegations are denied.

22.

Paragraph 22 of the Petition states conclusions of law and as such, Allstate states that no answer is required; if answer is required, the allegations are denied.

23.

Paragraph 23 of the Petition states conclusions of law and as such, Allstate states that no answer is required; if answer is required, the allegations are denied.

24.

Paragraph 24 of the Petition states conclusions of law and as such, Allstate states that no answer is required; if answer is required, the allegations are denied.

25.

Paragraph 25 of the Petition states conclusions of law and as such, Allstate states that no answer is required; if answer is required, the allegations are denied.

26.

Paragraph 26 of the Petition states conclusions of law and as such, Allstate states that no answer is required; if answer is required, the allegations are denied. Allstate avers that the Policy is the best evidence of its contents and, to the extent that any allegation or claim herein is in conflict with any term, condition, provision, limitation, exclusion or endorsement of the Policy, such allegation and claim are denied.

27.

Paragraph 27 of the Petition states conclusions of law and as such, Allstate states that no answer is required; if answer is required, the allegations are denied. Allstate avers that the Policy is the best evidence of its contents and, to the extent that any allegation or claim herein is in conflict

with any term, condition, provision, limitation, exclusion or endorsement of the Policy, such allegation and claim are denied.

28.

Paragraph 28 of the Petition states conclusions of law and as such, Allstate states that no answer is required; if answer is required, the allegations are denied. Allstate avers that the Policy is the best evidence of its contents and, to the extent that any allegation or claim herein is in conflict with any term, condition, provision, limitation, exclusion or endorsement of the Policy, such allegation and claim are denied.

29.

Allstate denies the allegations of Paragraph 29 of the Petition.

### III.

### AFFIRMATIVE DEFENSES

**AND NOW,** without waiving any affirmative defenses, Allstate pleads the following affirmative defenses, in the alternative:

30.

Allstate avers that the Policy is the best evidence of its contents, terms and conditions and pleads each and every term, condition, provision, limitation, exclusion and endorsement of the Policy in answer to the Petition.

31.

Plaintiffs have been compensated for all losses covered under the Policy.

32.

Plaintiffs' claims are barred, in whole or part, because the Policy excludes coverage for loss, *inter alia*, consisting of or caused by flood, "including, but not limited to surface water, waves, tidal water or overflow of body of water, or spray from any of these, whether or not driven by wind."

7

33.

Plaintiffs' claims are barred, in whole or part, because the Policy excludes coverage for loss, *inter alia*, caused by "weather conditions that contribute in any way with a cause of loss excluded" to produce a loss.

34.

Plaintiffs' claims are subject to reduction by any applicable deductible set forth in the Policy.

35.

Plaintiffs' claims are barred to the extent any loss, cost or damage suffered by Plaintiffs was caused, in whole or part, by acts, errors, or omissions of third parties and/or Plaintiffs.

36.

To the extent that Plaintiffs have any right to payment of any amount under the Policy, such payment is subject to any right or interest of any mortgagee, loss payee or other person, firm or entity with a legal right or interest therein, and the Defendant is entitled to a set-off of any amounts due Plaintiffs in connection with any such legal right or interest of any mortgagee, loss payee or such other person, firm or entity.

37.

To the extent that Plaintiffs have received compensation from any person or entity as a result of any factual allegation or theory of recovery, Plaintiffs are estopped from asserting any inconsistent factual allegation or theory of recovery herein.

38.

The Defendant reserves the right to modify, supplement and/or amend their Answer and Affirmative Defenses to the extent necessary to conform with additional factual information as it becomes available.

**WHEREFORE** Defendant, Allstate Insurance Company, prays that its Answer and Affirmative Defenses be deemed good and sufficient and, after due proceedings are had, that there be judgment herein in its favor, dismissing all claims of Plaintiffs with prejudice, at their cost.

RESPECTFULLY SUBMITTED,

_____
MAUREEN O. SULLIVAN (La. Bar # 12572)
JEAN E. LAVIDALIE, JR. (La. Bar # 27547)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
2014 West Pinhook, Suite 403
Lafayette, LA  70508
Telephone: (337) 326-5777
Facsimile: (337) 504-3341
*Attorneys for Allstate Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of Allstate Insurance Company's above and foregoing Answer and Affirmative Defenses has been served electronically upon all counsel of record who utilize the CM/ECF system and has been mailed to all other counsel of record by placing same in United States First Class Mail, properly addressed and with sufficient postage affixed, this 23 day of April, 2007.

_____
JEAN E. LAVIDALIE, JR.

9